[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13736
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00031-TJC-PDB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BYRON HICKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 6, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Byron Hicks appeals his 78-month sentence after a jury found him guilty of distributing a controlled substance.  He argues that his above-guideline sentence was based upon acquitted conduct in violation of the Fifth and Sixth Amendments.  After a careful review of the record, we disagree and affirm the sentence of the district court.

Hicks was charged with five counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Count One also alleged that an individual, T.A., died because of the controlled substances Hicks distributed.  Hicks proceeded to trial and a jury found him guilty of all five counts of distribution of a controlled substance.  However, the jury acquitted him of the charge in Count One that T.A. died because of the controlled substances distributed by Hicks.

The probation office prepared a Presentence Investigation (PSI) report and determined that Hicks's guidelines range was 10 to 16 months imprisonment.  The government filed a motion requesting an upward departure or variance from the guidelines to fifteen years.  At sentencing, the government argued that the guidelines range was not an appropriate sentence for Hicks because the preponderance of the evidence showed that he was responsible for the victim's

2

death.  The government also noted the opioids dealt by Hicks were extremely potent, and Hicks displayed recklessness towards his buyers by resuming sales within a week of the victim's death.  Hicks argued for a guidelines sentence, which effectively would have been time served.

The court decided to postpone sentencing until it had an opportunity to think longer about the appropriate sentence.  Upon reconvening, the court noted the difficulty when fashioning an appropriate sentence where the parties have such a wide gap in their recommendations and said he used the postponement to "give the matter some thought."  The court stated that "the government, in effect, seeks me to hold Mr. Hicks accountable for" the victim's death and that the court "under established law . . . does have the authority to consider what's called acquitted conduct as part of a sentencing rationale."  The court, however, expressed that it was "reluctant to do so" here because he thought the "jury's not guilty verdict as to this aspect of the case . . . deserves to be respected."  The court then made the following statement: "Having said that, I -- I am not going to accept what I believe to be the government's invitation to, in effect, make my own conclusion and base my sentence on the idea that [the victim's] death was as a result of the drugs sold to him by the -- by the defendant."  The court sentenced Hicks to a 78-month term of imprisonment, followed by three years supervised release, citing the need to deter Hicks from future crimes and account for the fact that Hicks continued to

deal drugs even after he was aware of the fact that his drugs may have killed someone.

Despite the court's clear statement that it was rejecting the "government's invitation" to sentence Hicks based on acquitted conduct, Hicks argues that this is precisely what the court did.[1]  In essence, Hicks's argument boils down to this: the district court's rationale are insufficient to justify the upward variance, therefore the district court *must have* surreptitiously, relied on acquitted conduct.  We decline Hicks's invitation to substitute mere speculation for the stated reasons of a district court when pronouncing sentence.

**AFFIRMED.**

---

[1] Notably, Hicks's briefs do not even mention, let alone rebut, the district court's clear statement that it was not considering acquitted conduct.